WILLIAM H. JOHNSON, defendant below, plaintiff, *v.* CHARLES L. JONES, plaintiff below, defendant.

(*March* 28, 1930.)

RICE and RODNEY, J. J., sitting.

*Walter J. Willis* for defendant below, plaintiff.

*H. Eugene Savery* for plaintiff below, defendant.

Superior Court for New Castle County, No. 138, January Term, 1930.

RODNEY, J., delivering the opinion of the court:

In *Truitt v. Lecates*, 5 *Boyce* 288, 92 *A.* 850, the record of the court below showed that the suit was instituted by J. Stanford Lecates, Clerk of School District, No. 40. The court in considering an objection to the manner of the institution of the suit said,

"While adhering to former decisions of this court, that a person may not sue or be sued by his initials alone, we think in this case, inasmuch as the Christian name is given as J. Stanford, it sufficiently identifies the plaintiff, and that the judgment below should be affirmed."

We are of the opinion that in the present case, where the suit was instituted against W. Harvey Johnson, and the record clearly shows that the defendant himself was identified and personally appeared and made no objection to the manner of the institution of the suit, that such objection is thereupon waived and he cannot be heard for the first time in certiorari or appellate proceedings to object because his full name had not been used.[1]

[1]See, also, *Calhoun v. Elliott Hdw. Co., infra,* 552.

The exceptions, numbers two, three and four are to the effect that the record of the court below does not sufficiently set forth the cause of action.

*Section* 4004 of the *Revised Code of* 1915, provides that a Justice of the Peace shall have jurisdiction of causes of action

"arising from obligation, or express or implied promise, or contract, for the payment of money, render of rent, or delivery of produce, chattels, goods, wares or merchandise; or contract, or agreement, for personal labor, hire or service. * * * "

*Section* 4028 provides

"Every justice of the peace shall make a fair entry, in a docket, of every action commenced before him, therein setting down the names of the parties, the cause of action, the sum demanded, the day of issuing process," etc.

■■ The jurisdiction of a Justice of the Peace being of a limited and statutory nature, it is essential that the jurisdiction of the Justice should affirmatively appear upon the record of the cause before him. This has been determined in many cases. In this case the cause of action is set forth as "Money due and owing." We are of the opinion that the given cause of action is not more comprehensive than "Money due" or "Money owing." Neither of these, in our opinion, definitely expresses a cause of action certainly within the jurisdiction of the Justice.

For the reasons stated, the judgment below is reversed.